IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD WILLIAMS, | : | CIVIL NO. 1:13-CV-387 |
| | : | |
| Plaintiff, | : | (Judge Rambo) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| WAYNE GAVINS, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

I.  **Statement of Facts and of the Case**

This is a civil rights action brought by a state inmate, Ronald Williams, who claims that the defendants, state correctional officials, used cell searches to retaliate against him and wrongfully interfere with his right of access to the courts. (Doc. 1.) Currently, pending in this case are competing motions for sanctions filed by the parties. (Docs. 62 and 63.)

These sanctions motions relate to an abortive effort by Williams to schedule depositions of the defendants in this case. Williams moved for leave to depose the defendants, prison staff, (Doc. 34.), and over the defendants' objections, we provisionally granted this motion. (Doc. 39.) Notwithstanding their objections, the defendants then diligently attempted to work with Williams to schedule these depositions. Thus, defense counsel arranged for the defendants to be present on a date

which counsel understood was convenient for Williams, and also coordinated the logistics of the court reporter that Williams had contracted to take these deposition. However, on the date scheduled for the depositions, June 24, 2014, Williams refused to participate in the depositions he had requested, and instead sought to sanction the defendants.

The reasons for Williams' refusal are somewhat unclear to the Court. At times, Williams suggests that he refused to participate because he believed, erroneously, that some further order of the Court was necessary to take the depositions. At other times Williams' refusal seems to be grounded on his displeasure with the timing of the depositions, which were briefly delayed on June 24; his dissatisfaction with the arrangement of the deposition room; and his apparent pique at what he regarded as discourteous treatment when he was brought to the room within the prison where the depositions were to be taken. (Docs. 62 and 71.) The exchange between Williams and defense counsel on June 24, 2014, also shows a complete lack of appreciation on Williams' part for the time, trouble, and inconvenience which his decision to refuse to proceed with these depositions caused, factors which lead the Court to question whether Rule 30 depositions are a practical discovery tool in this particular case. (Doc. 63-2.)

Upon consideration of these competing motions for sanctions, for the reasons set forth below in the exercise of our discretion we will deny both motions. However, our experience with this effort convinces us that the oral deposition scheduling sought by Williams is not feasible, since Williams' refused to participate in the type of deposition which he sought once it was arranged. Therefore, we will direct Williams, that if he wishes to depose these defendants he must do so through depositions by written questions propounded within the next 30 days.

## II.   Discussion

Several basic guiding principles inform our resolution of the instant discovery dispute. At the outset, Rule 37 of the Federal Rules of Civil Procedure governs motions for sanctions, and provides that:

> **(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.**
>
> **(1)** *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> **(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> **(B)** may inform the jury of the party's failure; and
>
> **(C)** may impose other appropriate sanctions . . . .

Fed. R. Civ. P. 37(c).

The scope of what type of discovery may be compelled under Rule 37, and give rise to sanctions, is defined, in turn, by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)( C ).

Fed. R. Civ. P. 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This

far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

Applying these principles, and exercising our discretion, we find that there is nothing in the conduct of defendants which warrants any form of sanctions. Despite opposing Williams' request to depose these defendants, defense counsel appears to have engaged in a sincere, diligent and good faith effort to assist Williams in arranging these deposition, efforts which collapsed when Williams refused to participate in these depositions. Therefore, Williams' motion for sanctions will be denied.

The defendants' motion for sanctions against Williams presents a closer question, since Williams undeniably refused to participate in the depositions which he requested. As we have noted, some of Williams' pleadings suggest that his refusal was motivated by personal pique and dissatisfaction with relatively minor matters relating to the precise timing and logistics of the depositions. There is, however, another thread in some of Williams' pleadings, an inexplicable confusion on Williams' part that some further intervention by the Court was necessary before the depositions could take place.

While we find some of Williams' actions to have been unreasonable under the circumstances, particularly in light of the substantial efforts made by defense counsel to arrange these depositions on his behalf, we conclude that the defendants are not entitled to the sanctions they seek in this motion, $4,287.44 in costs. However, in light of Mr. Williams' conduct in declining to participate in these oral deposition, we also believe that further scheduling of oral depositions pursuant to Rule 30 is not advisable or appropriate in this case.

In this regard, we note that, under Rule 30, rulings on inmate requests to conduct oral depositions rest in the sound discretion of the Court. That discretion, though, is guided by a basic recognition of the security and logistical difficulties that such depositions present. McKeithan v. Jones, 212 F.App'x 129 (3d Cir. 2007). However, in light of these logistical and security concerns, it is often preferable for

inmates to seek discovery through timely written depositions pursuant to Rule 31 of the Federal Rules of Civil Procedure.

This recent unfortunate experience scheduling oral depositions for inmate Williams aptly illustrates why depositions on written questions are often preferable in a custodial setting.  Given these alternative means of obtaining discovery, and the obvious security and logistical concerns presented by inmate oral depositions, it has been held that the proper exercise of discretion in this field often entails denial of inmate requests for orders compelling oral depositions, in favor of Rule 31 depositions on written questions.  McKeithan v. Jones, 212 F. App'x 129 (3d Cir. 2007).

This is the course we will follow here.  Since our experience over the past months trying to schedule oral depositions reveals that such scheduling is not feasible for these parties, we will direct Williams, that if he wishes to depose these defendants, he must conduct depositions by written questions pursuant to Rule 31, and must propound and serve those written questions on or before **September 22, 2014**.

### III.   Order

Accordingly, for the foregoing reasons, the parties' competing motions for sanctions (Docs. 62 and 63.) are DENIED.  IT IS FURTHER ORDERED that if Williams wishes to depose these witnesses he must conduct deposition by written

questions pursuant to Rule 31, and must propound and serve those written questions on or before **September 22, 2014**.

So ordered this 21st day of August, 2014.

                                                  *__S/Martin C. Carlson__*
                                                  Martin C. Carlson
                                                  United States Magistrate Judge