IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD WILLIAMS,** | : | **CIVIL NO. 1:13-CV-0387** |
| **Plaintiff** | : | |
| | : | **(Judge Rambo)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **WAYNE GAVINS,** *et al.***,** | : | |
| **Defendants** | : | |

## **M E M O R A N D U M**

Before the court is a September 3, 2013 report and recommendation of the magistrate judge (Doc. 84) to whom this matter was referred in which he recommends that the motion for summary judgment (Doc. 66) filed by Defendants be granted. Plaintiff Ronald Williams has filed objections to the report and recommendation (Doc. 86) to which Defendants filed a response (Doc. 87). The matter is ripe for disposition. For the reasons stated below, the report and recommendation of the magistrate judge will be adopted.

**I.     Background**

Plaintiff Williams is an inmate incarcerated at the State Correctional Institution at Waymart. Defendants are employees of the Pennsylvania Department of Corrections. Williams alleges violations of the First, Fifth, and Fourteenth Amendments to the United States Constitution. Specifically, Williams alleges that Defendants conducted retaliatory cell searches that were intended to interfere with his right of access to the courts and that the searches deprived him of his personal property in violation of his due process rights.

**II.**     <u>**Discussion**</u>

    **A. Objections**

The report and recommendation of the magistrate judge very thoroughly addressed the standard of review concerning the grant of summary judgment under Federal Rule of Civil Procedure 56(a); the requirement of the exhaustion of administrative procedures; the law regarding retaliatory conduct, and the constitutional right of access to the courts. Williams' objections to the report and recommendation are two-fold: (1) he challenges the magistrate judge's finding that he failed to exhaust his administrative remedies, and (2) he was unable to adequately oppose the defendants' motion for summary judgment due to his pro se status and the complexity of the discovery process.

On the failure to exhaust claim, Williams admits that he did not follow the grievance procedure but that he should be excused from timely filing same because he was waiting for responses from individuals to whom he had written letters complaining of the searches of his cell. Williams further claims that Officer Drevenek told him "that a grievance had better not be filed against him." (Doc. 86, ¶ 5.)

Williams does not adequately support his second objection, that his pro se status and complexity of the discovery process prevented him from adequately responding to the motion for summary judgment. Williams does not specifically cite to the motion for summary judgment and statement of undisputed facts in support thereof as to how his pro se status and discovery prevented him from contesting the statement of material facts.

1. **Exhaustion**

Defendants' response to Williams' argument that he should be excused from filing a grievance because he was waiting for responses to letters he had written various officials, is a new argument and should be deemed waived.  Defendants are in error that this is a new argument.  At page 12 of the report and recommendation (Doc. 84), the magistrate judge specifically addressed this argument.  However, both the magistrate judge and Defendants are correct that engaging in a letter writing campaign should not be a permissible excuse for avoiding the use of administrative procedures.

The allegation that Officer Drevenek told him "that a grievance better not be filed against him" is a new allegation, not previously raised, and can be deemed waived.  *Hubbard v. Pleasant Valley School Dist.*, No. 3:CV-03-0797, 2006 WL 42093 (M.D. Pa., Jan. 6, 2006).  Furthermore, to the extent that Williams considers this to be a threat, there are not threatening words in the statement and the statement did not prevent Williams from complaining to the Secretary of the Department of Corrections, a federal judge, and other officials.  (Doc. 87, pp. 6-7.)

2. **Pro Se Status/Complexity of Discovery**

As noted above, Williams does not specifically indicate how his pro se status or the discovery process prevented him from adequately addressing the summary judgment motion.  He has filed other law suits in this district and is familiar with the legal process.  Defendants note that Williams has demonstrated his ability to utilize the discovery process in this case by filing four requests for production of documents, a motion to compel discovery, motions to depose and for sanctions (Doc. 87 at pp. 7-8.)  This objection is without foundation.

**III.** **Conclusion**

      for the foregoing reasons, the objections will be overruled and the report and recommendation will be adopted.  An appropriate order will be issued.

                                                        s/Sylvia H. Rambo
                                                   United States District Judge

Dated:  January 5, 2015.